IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH ALBERT FUCHS, III,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 26-CV-00006-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Joseph Albert Fuchs, III brings the instant Petition to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

After a three-day bench trial in March 2022, this Court issued Findings of Fact and Conclusions of Law finding Petitioner Fuchs guilty of coercion and enticement of a minor in violation of 18 U.S.C. 2422(b), travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. 2423(b), and engaging in illicit sexual conduct in a foreign place in violation of 18 U.S.C. 2423(c). *See United States v. Fuchs*, No. 21-cr-30054-SPM (Dec. 14, 2022) (Doc. 84). On December 14, 2022, this Court sentenced Fuchs to a total term of 126 months' imprisonment, to seven years of supervised release, to a $3,000 fine, to a $300 special assessment, and to a $15,000 fine under the Justice for Victims Trafficking Act of 2015, Pub. L. No. 114-22. *See id.* (Docs. 118, 127). Fuchs filed a timely Notice of Appeal on December 22, 2022. *See id.* (Doc. 120).

The Court of Appeals for the Seventh Circuit affirmed his conviction on October 8, 2024. *See United States v. Fuchs*, 118 F.4th 911 (7th Cir. 2024), *reh'g denied*, No. 22-3269, 2024 WL 4665109 (7th Cir. Nov. 4, 2024). Fuchs's conviction became final on January 6, 2025. (*See* Doc. 1, p. 2).

Fuchs filed the instant § 2255 Petition attacking his sentence on January 5, 2026. (*See id.*). In his Petition, he alleges four claims of ineffective assistance of his trial counsel, which may be brought for the first time under a § 2255 petition. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. James*, 635 F.3d 909, 916 (7th Cir. 2011). Fuchs alleges that his trial counsel was ineffective for the following reasons: (1) failure to file a motion to suppress Fuchs's "custodial, unwarned statement made at O'Hare International Airport, which formed the centerpiece of the government's case"; (2) "[f]ailure to challenge the authenticity of the Philippine birth certificate introduced to prove the alleged victim's age, despite clear defects under Fed. R. Evid. 902(3) and (4)"; (3) "[f]ailure to obtain and litigate the investigative file, leaving the defense unprepared to file pretrial motions, impeach witnesses, develop suppression grounds, or attack the investigation or prosecution as flawed"; and (4) "[w]aiver of appellate review of the custodial statement, which forfeited the only meaningful constitutional claim on appeal and denied Mr. Fuchs his right to appellate review." (Doc. 1, p. 2).

Fuchs thus raises a single issue: whether or not his trial counsel was ineffective. Without commenting on the merits of the claim, the Court concludes that the Petition survives preliminary review under Rule 4. Given the limited record, it is not plainly apparent that Fuchs is not entitled to relief pursuant to § 2255.

## DISPOSITION

**IT IS HEREBY ORDERED** that Respondent United States of America shall answer or otherwise plead on or before April 6, 2026. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present.

**IT IS SO ORDERED.**

**DATED:   February 4, 2026**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
